cited that the instrument must be considered as a whole giving the words a usual and normal meaning.

The words "Subcontractor's work" at the end of the sentence considered are not, in fact, a limitation upon the text providing indemnity. Rather, they are necessary to set this subcontractor apart from other subcontractors who might have a comparable incidence of liability to indemnify, and to separate and limit such liabilty of this subcontractor from that of others on the job.

For the foregoing reasons, I would reverse the order of the Circuit Court dismissing the complaint and remand the cause for further proceedings.

*In re* ESTATE OF FERD A. LUTHER, Deceased—(J. C. LUTHER, Petitioner-Appellant, *v.* MURIEL STEMBERGER *et al.,* Respondents-Appellees.)

(No. 11426;

Fourth District—January 11, 1972.

Opinion by Mr. JUSTICE CRAVEN.

J. C. Luther, *pro se,* and L. K. Hubbard, of White Hall, for appellant.

McDermott, Will & Emery, of Chicago, (James M. Trapp, James E. Betke, Howard M. Cohen and James T. Madej, of counsel,) for appellees.